United States District Court
Southern District of Texas

**ENTERED**

September 11, 2020

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EARNEST J. MATTHEWS, <br> TDCJ #01191251, <br><br> Plaintiff, <br><br> v. <br><br> JOHN FRANCIS HEALEY, JR., <br> et al., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-20-2978 |

## MEMORANDUM OPINION AND ORDER

State inmate Earnest J. Matthews, also known as Ernest Julius
Matthews (TDCJ #01191251), has filed a handwritten complaint
("Complaint") (Docket Entry No. 1), asserting civil rights claims
against former Fort Bend County District Attorney John Francis
Healey, Jr., former Fort Bend County Sheriff Milton Wright, and
current Fort Bend County Sheriff Troy Nehls.  Matthews has filed
several other motions in this case (Docket Entry Nos. 6, 7, 9, 10,
11), in which he claims that the defendants failed to investigate
or prosecute allegations of sexual assault.  Because Matthews
proceeds in forma pauperis, the court is required to scrutinize the
Complaint and dismiss the case if it determines that the action is
"frivolous or malicious;" "fails to state a claim on which relief
may be granted;" or "seeks monetary relief from a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I.  Background

Public records reflect that Matthews is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of convictions that were entered against him in 2003 for aggravated sexual assault of a child and indecency with a child by contact in Fort Bend County Cause Nos. 34572 and 37890.[1] Matthews claims that in 2004 he asked the defendants to investigate and prosecute an individual named Gordon White for sexually assaulting him and others, but that the defendants declined to do so.[2] According to Matthews, Healey refused to investigate or prosecute White because doing so "would've jeopardized [Matthews's] guilty plea."[3]

Matthews contends that he contacted Healy and Sheriff Wright again in 2009, 2012, 2013, and 2017, but they "ignored [his] complaints."[4] Matthews accuses the defendants of negligence and

---

[1]See  Texas  Department  of  Criminal  Justice  Offender Information, located at: http://offender.tdcj.texas.gov (last visited September 10, 2020).

[2]Complaint, Docket Entry No. 1, pp. 2-4.

[3]Id. at 3 ¶ 18.

[4]Id. ¶ 15.

civil rights violations of the Eighth and Fourteenth Amendments.[5] Matthews seeks compensatory and punitive damages from Healey and former Sheriff Wright as well as a court order directing current Fort Bend County Sheriff Troy Nehls to investigate the sexual assault perpetrated by Gordon White against himself and "many young girls," including an individual named L.C.[6]

In addition to the Complaint, Matthews has filed a Motion to Amend that lodges additional claims of "negligence" against the defendants for their failure to investigate or prosecute White.[7] In addition, Matthews has filed a Motion for Federal Investigation, asking the court to order law enforcement to investigate Healey and Wright's alleged misconduct.[8]   Matthews also requests appointment of counsel, oral argument, and a bench warrant authorizing his transfer from TDCJ to the Harris County Jail so that he can research his claims.[9]

---

[5]Id. at 4 ¶ 18.

[6]Id. at 2, 5.  To the extent that Matthews identifies a sexual assault victim who is described as a young girl, the court has used her initials pursuant to Fed. R. Civ. P. 5.2(a)(3).

[7]Motion to Amend, Docket Entry No. 6, pp. 1-3.

[8]Motion for Federal Investigation, Docket Entry No. 7, p. 1.

[9]Motion for Appointment of Counsel, Docket Entry No. 9; Motion for Oral Argument, Docket Entry No. 10; and Motion [for] Bench Warrant, Docket Entry No. 11.

## II.  Discussion

Matthews invokes the Eighth and Fourteenth Amendment of the United States Constitution, arguing that the defendants have violated his civil rights under 42 U.S.C. § 1983.[10]  "To establish a claim under [42 U.S.C. § 1983], a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."  Pratt v. Harris County, 822 F.3d 174, 180 (5th Cir. 2016) (internal quotation marks and citation omitted).  Allegations of negligence are not actionable under § 1983 because they are insufficient to establish a constitutional violation.  See Daniels v. Williams, 106 S. Ct. 662, 666 (1986) (explaining that allegations of mere negligence do not implicate the Constitution and are not redressable under 42 U.S.C. § 1983); Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990) (emphasizing that allegations of negligence are simply insufficient to impose liability under 42 U.S.C. § 1983).  Matthews does not allege facts showing that he is entitled to relief under § 1983 or any other theory.

As an initial matter, the court notes that Matthews' Complaint is dated August 10, 2020,[11] and that all of his allegations against the defendants are for acts or omissions that occurred well outside

---

[10]Complaint, Docket Entry No. 1, p. 4.

[11]Id. at 5.

the applicable two-year statute of limitations.  See Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).

In addition, it is well established that prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating a prosecution and presenting the state's case.  See Imbler v. Pachtman, 96 S. Ct. 984, 995 (1976).   Because Healey is entitled to immunity for decisions and actions taken while he was the District Attorney for Fort Bend County, the claims against him must be dismissed as frivolous.  See McPherson v. Curry, 253 F.3d 706, 2001 WL 498681, at *1 (5th Cir. 2001) (unpublished).

Matthews does not otherwise articulate a viable claim because it is also well established that there is no "constitutional right to have someone criminally prosecuted" or investigated and there is "no private right of action to bring criminal charges."  Back v. Texas Dep't of Criminal Justice Correctional Institutions Div., 716 F. App'x 255, 259 (5th Cir. 2017) (citing Gill v. Texas, 153 F. App'x 261, 262 (5th Cir. 2005); Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990)); see also Linda R.S. v. Richard D., 93 S. Ct. 1146, 1149 (1973) (holding that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (rejecting an equal protection claim under § 1983 because neither

a member of the public at large nor the victim has a right to have another criminally prosecuted). Private citizens are thus not entitled to an order requiring the arrest or prosecution of wrongdoers. See Del Marcelle v. Brown County Corp., 680 F.3d 887, 901-02 (7th Cir. 2012) (Easterbrook, C.J., concurring) (citations omitted). Accordingly, this case will be dismissed as frivolous.

## III.   Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.   The civil rights complaint filed by the plaintiff, Earnest J. Matthews, also known as Ernest Julius Matthews (Docket Entry No. 1), is **DISMISSED with prejudice** as frivolous.

2.   All of the pending motions filed by Matthews (Docket Entry Nos. 6, 7, 9, 10, and 11) are **DENIED**.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Order to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159; and (2) the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 11th day of September, 2020.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-6-